FILED
2014 May-30  AM 08:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| THERSA M. ADAMS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No.  2:13-cv-00396-HGD |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant | ) | |

### MEMORANDUM OPINION

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits under Title II of the Social Security Act.  (Doc.1).  The parties have consented to the exercise of jurisdiction by the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73, Fed.R.Civ.P.  (Doc. 10).  Upon consideration of the administrative record and the memoranda of the parties, the court finds that the decision of the Commissioner is due to be affirmed and this action dismissed.

## I.    Proceedings Below

Plaintiff filed an application for a period of disability and disability insurance benefits on June 1, 2009, in which she alleged that she became unable to work on

March 7, 2009.  On May 4, 2010, these claims were initially denied by the agency. On June 7, 2010, plaintiff requested a hearing before an Administrative Law Judge (ALJ) which took place on July 21, 2011.  On August 15, 2011, the ALJ issued a decision denying plaintiff's application.  The Appeals Council denied plaintiff's request for review on January 2, 2013.  After the Appeals Council denied plaintiff's request for review of the ALJ's decision, that decision became the final decision of the Commissioner, and therefore a proper subject of this court's appellate review.  42 U.S.C. §§ 405(g) and 1383(c)(3).

## II.    ALJ Decision

Disability under the Act is determined under a five-step test.  20 C.F.R. § 404.1520.  First, the ALJ must determine whether the claimant is engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).  "Substantial work activity" is work that involves doing significant physical or mental activities.  20 C.F.R. § 404.1572(a).  "Gainful work activity" is work that is done for pay or profit. 20 C.F.R. § 404.1520(b).  Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of medical impairments that significantly limits the claimant's ability to perform basic work activities.  20 C.F.R. § 404.1520(a)(4)(ii).  Absent such impairment, the claimant may not claim disability. *Id.*  Third, the ALJ must determine whether the claimant's impairment meets or medically equals the criteria listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *See*

20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526.  If such criteria are met, the claimant is declared disabled.  20 C.F.R. § 404.1520(a)(4)(iii).

If the claimant does not fulfill the requirements necessary to be declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis.  The ALJ must first determine the claimant's residual functional capacity (RFC), which refers to the claimant's ability to work despite her impairments.  20 C.F.R. § 404.1520(e).  In the fourth step, the ALJ determines whether the claimant has the RFC to perform past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is determined to be capable of performing past relevant work, then the claimant is deemed not disabled.  *Id.*  If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step.  20 C.F.R. § 404.1520(a)(4)(v).  In the last part of the analysis, the ALJ must determine whether the claimant is able to perform any other work commensurate with her RFC, age, education, and work experience.  20 C.F.R. § 404.1520(g).  Here, the burden of proof shifts from the claimant to the ALJ to prove the existence in significant numbers of jobs in the national economy that the claimant can do given the RFC, age, education and work experience.  20 C.F.R. §§ 404.1520(g) and 404.1560(c).

The ALJ strictly adhered to this decision-making protocol.  He made the following findings of fact and conclusions of law:

1.  The claimant has not engaged in substantial gainful activity since March 7, 2009, the alleged onset date.  (20 C.F.R. § 404.1571, *et seq.*).

2.  The claimant has the following severe impairments: spinal stenosis post- C6-7 fusion, obstructive sleep apnea, and fibromyalgia (20 C.F.R. § 404.15210(c)).

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the impairments included in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).

4.  The claimant has the residual functional capacity to lift, carry, and push/pull twenty pounds occasionally and ten pounds frequently, stand and walk combined for six hours in an eight-hour day, and sit for six hours in an eight-hour day.  The claimant requires a sit/stand option, and is unable to move her head up and down on a regular basis.

5.  The claimant is unable to perform her past relevant work (20 C.F.R. § 404.1565).  However, considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (20 C.F.R. § 404.1569, 404.1569(a) and 404.1568(d)).

(Tr. 13-20).

The vocational expert testified that an individual of the claimant's age, education, past relevant work experience, and residual functional capacity could perform representative occupations such as cashier (light, semi-skilled) and hotel clerk (light, semi-skilled), for which there are jobs available in both the Alabama and national economy in significant numbers.  (Tr. 19).

At the hearing, plaintiff testified that she worked for AT&T for 30 years, and in the four years before she retired in March 2009, she took off extensive time under the Family and Medical Leave Act (FMLA) and extensive vacation time due to her health.  In addition, her employer made various accommodations to allow her to continue to work.  (Tr. 41-43).

Plaintiff was 53 years of age at the time of her alleged onset date and 55 years of age at the time of her hearing in July of 2011.  Thus, she was classified as an individual "closely approaching advanced age" (50-54) at the time of her alleged onset date and later changed age categories to "advanced age" (55-59) at the time of her hearing before the ALJ.  Plaintiff has a college degree, and her past relevant work experience consists of employment as a fiber-optic technician for AT&T (BellSouth) where she worked for more than 30 years.  This job is classified as "light" from an exertional standpoint and "skilled" as it is customarily performed.  However, because of certain accommodations allowed by her employer, plaintiff performed this job at a "sedentary" level.

At the hearing before the ALJ, plaintiff testified that she cannot look at a computer screen for more than an hour because of neck pain.  (Tr. 43).  She stated that she can only sit for about 30 minutes before she feels discomfort such that she must get up and move about.  (Tr. 44).  She also testified that she can stand and walk for approximately 30 minutes at a time.  (Tr. 47).  According to plaintiff, she has good

days and bad days.  She has a couple of "bad days" each week and that on a bad day she remains in bed for the entire day.  (Tr. 48).  On a scale of 1 to 10, plaintiff rates her pain in the mornings from a 7 to 8.  After taking her pain medication, it is lowered to a 5.  She needs to lie down frequently.  (Tr. 40).  After lying down, she is able to do light housekeeping.  (Tr. 40-41).

Plaintiff asserts that the ALJ erred in two ways.  She alleges that the ALJ (1) failed to properly apply the "grids" to the facts of this case and (2) improperly discredited the subjective testimony of the plaintiff with respect to her pain and other non-exertional limitations.  (Doc. 13, Brief of Plaintiff, at 5-6).

## III.   Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Brown*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. § 405(g) mandates that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, re-evaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if

the decision is reasonable and supported by substantial evidence. *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## IV.   Discussion

Plaintiff bears the ultimate burden of proving disability. *See* 42 U.S.C. § 423(d)(1)(A), (5); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

According to plaintiff, the ALJ findings that plaintiff could lift, carry and push/pull 20 pounds occasionally and 10 pounds frequently, stand and walk for six hours in an eight-hour day and sit for six hours in an eight-hour day and that she requires a sit/stand option and is unable to move her head up and down on a regular basis is, in essence, a finding by the ALJ that plaintiff retained the RFC to engage in

less than the full range of light work.  However, the ALJ also found that plaintiff could not engage in her past relevant work, which plaintiff describes as sedentary work.  Consequently, plaintiff claims that these findings are inconsistent because, if plaintiff cannot perform sedentary work, she could not perform light work, which requires a greater level of exertion.

Plaintiff further argues that, even if she retained the RFC for a full range of light work, under the application of the Medical-Vocational Guidelines or "grids" contained in 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 202.06, a ruling of "disabled" is indicated once plaintiff has attained the age of 55 years, thereby placing her in the category of "advanced age."  According to plaintiff, this is because she did not acquire any skills from her past work that would transfer to other light or sedentary employment and meets other criteria regarding age and education.  (Doc. 13, Brief of Plaintiff, at 7).

Plaintiff's first assertion, that the RFC as determined by the ALJ was inconsistent with the ALJ's determination that she could not do her past relevant work, is without merit.  This argument is based on plaintiff's assumption that her past work was sedentary.  (Doc. 13 at 7).  The Commissioner's regulations state that past work may be analyzed either as the claimant actually performed it or as it is generally performed in the national economy.  *See* 20 C.F.R. § 404.1560(b)(2) ("A vocational expert or specialist may offer relevant evidence within his or her expertise or

knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy."). The vocational expert (VE) testified that plaintiff's past work is customarily light work, but plaintiff performed it as sedentary work. (Tr. 49-50). Thus, plaintiff's past work was not necessarily sedentary, and her inability to perform that work does not mean that the ALJ erred in finding that she could perform some light work.

Furthermore, the classification of "sedentary" and "light" work refer only to exertional limitations. *See* 20 C.F.R. § 404.1567. A review of the VE's testimony reflects that plaintiff could not perform her past work due to her non-exertional limitations. When the ALJ initially asked if a hypothetical individual with only exertional limitations related to "light" work (limits on sitting, standing, walking, lifting carrying, pushing and pulling) could perform plaintiff's past work, the VE testified in the affirmative. (Tr. 53). When the ALJ included plaintiff's non-exertional limitations (*i.e.*, that plaintiff required the option to sit/stand at will and could not regularly move her head up and down), the VE testified that plaintiff's past work could not be performed. (Tr. 53-54).

Plaintiff also asserts that she is "disabled" under the grids pursuant to Rule 202.06. Under Rule 202.06, a person of advanced age, who is a high school graduate or more, where that educational level does not provide for direct entry into skilled

work, and has skilled or semi-skilled skills that are not transferable, is categorized as "disabled."  20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2, § 202.06.  However, a person with those same characteristics, except that his skills are transferable, is categorized as "not disabled."  *Id.* at § 202.07.  A person closely approaching advanced age, who is a high school graduate and has either transferable or nontransferable skills, is categorized as "not disabled."  *Id.* at §§ 202.14 and 202.15.  *Miller v. Comm'r of Soc. Sec.*, 241 Fed. Appx. 631 (11th Cir. 2007).

Although plaintiff alleges that there is no evidence that she had transferrable skills, the ALJ determined otherwise.  *See* 20 C.F.R. § 404.1520(g)(1) ("If we find that you cannot do your past relevant work . . . we will . . . determine if you can make an adjustment to other work").  When asked by the ALJ whether plaintiff's skills from her past work as an electronic technician wold transfer to other positions, the VE responded, "Yes."  (Tr. 52).  The ALJ then asked whether a hypothetical individual with plaintiff's impairments could adjust to other work.  (Tr. 53-54).  The VE testified that such an individual could work as a cashier or a hotel clerk.  (Tr. 54).  Thus, there was testimony supporting the ALJ's conclusion that plaintiff could adjust to other work and was not disabled.  *See McLeroy v. Comm'r. of Soc. Sec.*, 327 Fed. Appx. 137 (11th Cir. 2009) (vocational expert's answer to hypothetical question enabled ALJ to determine if claimant's skills were readily transferable).  Accordingly, Grid Rule 202.07 directs a finding of "not disabled."

With regard to Rule 202.06, it is significant to note that, when a claimant has a combination of exertional and non-exertional limitations, the grids are only used as a guideline in determining disability unless a grid rule directs a finding of disability based only on the claimant's exertional limitations. *See* 20 C.F.R. § 404.1569a(d); 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e)(2). As noted above, Rule 202.06 only applies if a claimant does not have transferable skills. However, because plaintiff does have transferrable skills, Rule 202.06 does not apply.

The ALJ found that plaintiff's complaints regarding her pain were not entirely credible. Contrary to plaintiff's assertion, there is substantial evidence to support the Commissioner's finding that plaintiff's statements regarding her pain and other symptoms were not entirely credible. The ALJ noted that he was guided by the law of the Eleventh Circuit regarding the standard to use in assessing subjective complaints. The so-called "pain standard" has three steps. It requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." (Tr. 17, quoting *Brown v. Sullivan*, 921 F.2d 1233 (11th Cir. 1991)). He further noted that this standard applies to symptoms other than pain, as well. (*Id.*, citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.

1991).  The ALJ also reviewed plaintiff's subjective complaints in accordance with the guidelines provided in 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p.

Plaintiff reported that she had numbness in her left leg and that her pain on an average day without medication was a 7 or 8 on a 10-point scale, but that the level dropped to a 5 with medication.  She also related  that she could only sit for an hour, and stand and walk for only 30 minutes.  She indicated that she could not squat or bend.  (Tr. 17).

Despite this testimony, the ALJ found that the severity of plaintiff's symptoms and her limitations, as alleged, were not fully supported by the record as a whole.  In support of this conclusion, the ALJ stated that the attending physician at Baptist Shelby Hospital on September 7, 2009, classified the claimant's overall general appearance after conducting a physical examination as mild in nature.  (Tr. 17, citing Ex. 3F).  He further stated as follows:

> Ammar Aldaher, M.D., conducted a consultative physical examination of the claimant on April 28, 2010 (Exhibit 9F).  Dr. Aldaher reported that the claimant had a normal gait and no abnormality in her range of motion in her cervical or lumbrosacral area.  She had no muscle weakness and a negative seated leg raising.  Dr. Aldaher opined the claimant was able to perform work-related activities such as sitting, standing, walking, lifting, carrying, and handling objects.

> On May 4, 2010, Marcus Whitman, M.D., reviewed the available evidence and opined that the claimant could perform light exertional level work (Exhibit 10F).  In fact, Dr. Ginger Alred, M.D., a treating physician, reported on May 19, 2011, that the claimant was sleeping better and the pain medication was helpful (Exhibit 12 F).

Ultimately, the objective medical evidence and the claimant's admitted daily activities show she can perform a significant range of light exertional tasks.  While the MRI of the claimant's cervical spine performed on April 26, 2010, showed cervical spondylosis, it also showed no acute disease present. (Exhibit 13F).  The claimant's ability to perform routine household chores and assist with the care of her elderly mother demonstrates this.  Although there are some limitations of motion with the claimant's neck as a result of her underlying condition and corrective procedures, she was discharged from pain management due to failure to stop her marijuana use (Exhibit 13F).

(Tr. at 17-18).

The report of Dr. Aldaher also reflects that, when he examined plaintiff in April 2010, he found that her pain did not radiate down the lower back, and she had no parasthesias[1], no numbness and no muscle weakness.  (Tr. 373).  According to Dr. Aldaher, plaintiff experienced improved pain and range of motion after a back surgery that took place several years earlier.  (*Id.*).  Plaintiff had a full range of motion after the back surgery.  (*Id.*).  She also had a full range of motion in her cervical spine.  (Tr. 374).  She had no spasms, deformity, or other abnormal range of motion in the back.  (*Id.*).  Dr. Aldaher found plaintiff had intact sensation, normal reflexes, a negative straight-leg raise and a normal Romberg Test (for balance).  He concluded, based on his examination, that plaintiff was able to perform work-related activities such as sitting, walking, lifting, and carrying and handling objects.  (Tr. 375).

---

[1]  Parasthesia is tickling, prickling or burning sensation of a person's skin.

The ALJ also noted that plaintiff made inconsistent statements regarding her pain. (Tr. 18). He noted that plaintiff reported in May 2011 to her treating physician, Dr. Ginger Alred, that she was sleeping better "than she had in years" and found that her pain medications were "helpful." (Tr. 18, citing Ex. 12F).

Also, the MRI referenced by the ALJ showed an anterior fusion at C6-7, but no disk protrusion or foraminal impingement at C3-4 or C4-5. (Tr. 403). There was also mild foraminal narrowing at C5-6 with no disk protrusion and possible posterior osteophyte formation at C6-7. (*Id.*). The ALJ noted that there was no acute diagnosis or degenerative disc disease. (*Id.*). Thus, the lack of acute disease is substantial evidence that plaintiff's limitations are not as severe as she asserts.

The ALJ also reviewed plaintiff's daily activities and found that they were inconsistent with her alleged limitations. For example, she stated that she could only sit 30 minutes to an hour due to her pain (Tr. 44-45) but could drive (Tr. 34), and sometimes makes a five-hour car drive to see her son in New Orleans. (Tr. 31). The ALJ also noted that plaintiff could perform some household chores and assist with the care of her elderly mother. While she did not perform either of these functions for an extended period of time, it still demonstrates that plaintiff can perform a significant range of light exertional tasks. (Tr. 18).

Likewise, while plaintiff points to evidence from January 2006 showing cervical spondylosis and significant nerve root compression, this condition predated

plaintiff's alleged disability onset date by more than three years. (Tr. 114). Furthermore, plaintiff reported experiencing improved pain and range of motion after cervical fusion surgery (Tr. 395, 373-74), and MRI imaging from 2010 confirmed a lack of acute disease in the spine. (Tr. 403).

The ALJ considered plaintiff's allegations regarding her pain and other symptoms, but found that they were inconsistent with the objective medical evidence in the record, the examining and treating physicians, and plaintiff's daily activities. Credibility is determined based on the record as a whole. *Kelly v. Heckler*, 736 F.2d 631, 632 (11th Cir. 1984). Under these circumstances, there is substantial evidence to support the ALJ's conclusions regarding plaintiff's credibility.

In sum, the ALJ concluded that, although the claimant's additional limitations do not allow the claimant to perform the full range of light work, considering her age, education and transferable work skills, a finding of "not disabled" was appropriate under the framework of the Medical-Vocational Rule 202.15 and Rule 202.07 of the Medical-Vocational Guidelines.

## V.   Conclusion

In conclusion, it is clear that the ALJ's decision is based on substantial evidence. Even if the evidence preponderates against the Secretary's factual findings, this Court must affirm if the decision reached is reasonable and is supported by substantial evidence. *Sewell v. Bowen*, 792 F.2d 1065, 1067 (11th Cir. 1986);

*MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *Bloodsworth*, 703 F.2d at 1239.  Because the decision finding plaintiff not disabled is based on "such relevant evidence as a reasonable person would accept as adequate to support a conclusion," *Bloods worth*, 703 F.2d at 1239, the decision of the Commissioner is due to be affirmed.  A separate order will be entered.

DONE this 30th day of May, 2014.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE